The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action seeking reciprocal discipline after respondent Michael Anietie Essien was suspended in the United States Patent and Trademark Office (USPTO) for 30 days and placed on probation. See In re Essien , Proceeding No. D2018-46, Order at 12 (USPTO Oct. 2, 2018). Respondent was suspended in the USPTO for failing to timely correct a deficient patent filing, failing to timely revive the patent application after it was deemed abandoned, failing to communicate with the client, and making misrepresentations to the client. See 37 C.F.R. §§ 11.101, 11.103 - 11.104, 11.804(c) - (d) (2018).
Respondent and the Director have entered into a stipulation for discipline. In it, respondent waives his procedural rights under Rule 12(d), Rules on Lawyers Professional Responsibility (RLPR), withdraws his answer, and unconditionally admits the allegations in the petition. The parties jointly recommend that the appropriate discipline is a 30-day suspension, retroactive to the date respondent was suspended in the USPTO, October 16, 2018, followed by 2 years of supervised probation.
This court has independently reviewed the file and approves the jointly recommended disposition.
Based upon all the files, records, and proceedings herein,
IT IS HEREBY ORDERED THAT:
1. Respondent Michael Anietie Essien is suspended from the practice of law for a minimum of 30 days, retroactive to October 16, 2018.
2. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals).
3. Respondent shall pay $ 900 in costs pursuant to Rule 24, RLPR.
4. Respondent is eligible for reinstatement to the practice of law. In order to be reinstated, respondent must file with the Clerk of the Appellate Courts and serve upon the Director an affidavit establishing that he is current in continuing legal education requirements, has complied with Rules 24 and 26, RLPR, and has complied with any other conditions for reinstatement imposed by the court.
5. Within 1 year of the date of this order, respondent shall file with the Clerk of the Appellate Courts and serve upon the Director proof of successful completion of the written examination required for admission to the practice of law by the State Board of Law Examiners on the subject of professional responsibility. Failure to timely file the required documentation shall result in automatic suspension, as provided for in Rule 18(e)(3), RLPR.
6. Upon reinstatement to the practice of law, respondent shall be placed on probation for 2 years, subject to the following terms and conditions:
a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation. Respondent shall promptly respond to the Director's correspondence by its due date. Respondent shall provide to the Director a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional *748 conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.
b. Respondent shall abide by the Minnesota Rules of Professional Conduct.
c. Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Within 2 weeks of the date of this order, respondent shall provide to the Director the names of four attorneys who have agreed to be nominated as respondent's supervisor. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall on the first day of each month provide the Director with an inventory of active client files described in paragraph d. below. Respondent shall make active client files available to the Director on request.
d. Respondent shall cooperate fully with the supervisor's efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such time as may reasonably be requested by the Director.
e. Respondent shall initiate and maintain office procedures that ensure there are prompt responses to correspondence, telephone calls, filing deadlines, court orders, and other important communications from clients, courts, and other persons interested in matters that respondent is handling and that will ensure respondent regularly reviews each and every file and completes legal matters on a timely basis.
f. Within 30 days from the date of this order, respondent shall provide to the Director and to the probation supervisor, if any, a written plan outlining office procedures designed to ensure that respondent is in compliance with probation requirements. Respondent shall provide progress reports as requested.
BY THE COURT:
/s/ ______________________________
David L. Lillehaug
Associate Justice