David L. Lillehaug, Associate Justice
In a May 20, 2019 order, we suspended respondent Michael Anietie Essien for a minimum of 30 days, retroactive to October 16, 2018. In re Essien , 927 N.W.2d 747, 747 (Minn. 2019) (order). We stated that Essien was "eligible for reinstatement" and that "[i]n order to be reinstated," Essien had to file an affidavit "establishing," among other things, that he had complied with Rule 26, Rules on Lawyers Professional Responsibility (RLPR). Id.
Essien filed an affidavit and a supplemental affidavit seeking reinstatement and attempting to show his compliance with, among other things, Rule 26, RLPR. We denied Essien's request to be reinstated because he had not established that he complied with Rule 26, RLPR. In re Essien , A19-0113, Order at 2-3 (Minn. filed July 18, 2019). Our denial was without prejudice, and we permitted Essien to file an additional affidavit demonstrating that he has complied with Rule 26, RLPR. Essien , Order at 3.
Essien filed an additional affidavit stating that he has complied with Rule 26, RLPR. The Director filed an affidavit stating that she believes that Essien "has now complied with the terms of the Court's suspension order and the Director's Office does not object to [Essien's] reinstatement."
Based upon all the files, records, and proceedings herein,
IT IS HEREBY ORDERED THAT:
1. Respondent Michael Anietie Essien is conditionally reinstated to the practice of law in the State of Minnesota, subject to his successful completion of the written examination required for admission to the practice of law by the State Board of Law Examiners on the subject of professional responsibility, and is placed on probation for 2 years, subject to the following conditions:
a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation. Respondent shall promptly respond to the Director's correspondence by its due date. Respondent shall provide to the Director a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional *12 conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.
b. Respondent shall abide by the Minnesota Rules of Professional Conduct.
c. Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Within 2 weeks of the date of this order, respondent shall provide to the Director the names of four attorneys who have agreed to be nominated as respondent's supervisor. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall on the first day of each month provide the Director with an inventory of active client files described in paragraph d. below. Respondent shall make active client files available to the Director on request.
d. Respondent shall cooperate fully with the supervisor's efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such time as may reasonably be requested by the Director.
e. Respondent shall initiate and maintain office procedures that ensure there are prompt responses to correspondence, telephone calls, filing deadlines, court orders, and other important communications from clients, courts, and other persons interested in matters that respondent is handling and that will ensure respondent regularly reviews each and every file and completes legal matters on a timely basis.
f. Within 30 days from the date of this order, respondent shall provide to the Director and to the probation supervisor, if any, a written plan outlining office procedures designed to ensure that respondent is in compliance with probation requirements. Respondent shall provide progress reports as requested.
2. By May 20, 2020, respondent shall comply with Rule 18(e)(3), RLPR, by filing with the Clerk of the Appellate Courts and serving upon the Director proof of respondent's successful completion of the written examination required for admission to the practice of law by the State Board of Law Examiners on the subject of professional responsibility. Failure to do so shall result in automatic suspension pending proof of successful completion of the examination, under Rule 18(e)(3), RLPR.